FILED by ___MM___ D.C.

Feb 14, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## 23-80024-CR-MARRA/MCCABE
CASE NO. _____

26 U.S.C. § 7202
26 U.S.C. § 7203

UNITED STATES OF AMERICA

vs.

PAUL WALCZAK,

        Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At times relevant herein,

1.      Defendant PAUL WALCZAK resided in Palm Beach Gardens, Florida, within the Southern District of Florida.

2.      From at least April 2009 to in or about July 2019, WALCZAK controlled a web of interconnected healthcare companies, including NuVista, Palm Health Partners, and PHP Employment Services, LLC ("PHPES"). WALCZAK created PHPES, a Florida limited liability company located in Palm Beach Gardens, Florida, in or about July 2010, as a vehicle to employ the employees of his various healthcare companies and to handle employment responsibilities, including payroll.

1

3.      In each of 2016 through 2018, WALCZAK received a gross annual salary of at least $360,000 for his work as owner of the healthcare companies. In addition to his salary, WALCZAK also received significant wire transfers from his healthcare companies, through entities in which he had an ownership interest. During that same period, WALCZAK caused PHPES to fail to fully pay to the Internal Revenue Service ("IRS") the withheld trust fund taxes of his employees.

4.      The IRS was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States, including trust fund taxes.

## COUNTS ONE THROUGH TEN
### Failure to Account For and Pay Over Employment Tax
### (26 U.S.C. § 7202)

5.      The Grand Jury realleges and incorporates paragraphs 1 through 4 of this Indictment as if fully set forth herein.

6.      The Federal Insurance Contribution Act required employers to withhold Medicare and Social Security taxes from their employees' wages. The Internal Revenue Code also required employers to withhold federal income taxes from their employees' wages. Employers, who held these taxes in trust for the United States, were required to pay them over to the IRS on behalf of their employees. Collectively, these withheld taxes will be referred to as "trust fund taxes." An individual with the obligation to collect, account for, and pay over withheld trust fund taxes to the government is called a "responsible person."

7.      For employers whose annual liability for trust fund taxes was greater than $1,000, responsible persons were required to report the employment taxes due for the employer on a Form

941, *Employer's Quarterly Federal Tax Return* ("Form 941") on a quarterly basis. The Form 941 was due at the end of the month following the end of each calendar quarter and reported the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of employment taxes due, and the total tax deposits the employer made with the IRS.

8.      From at least 2010 through 2019, WALCZAK was in charge of PHPES. PHPES employed employees of the Walczak-controlled healthcare companies and incurred the resulting payroll and payroll-related expenses, including payroll taxes.

9.      WALCZAK exercised control over PHPES's financial affairs by, among other acts, approving payments, signing checks, controlling bank accounts, and maintaining signature authority on those bank accounts. Thus, WALCZAK was a responsible person, that is, he had the responsibility to collect, truthfully account for on Forms 941, and pay over to the IRS on behalf of PHPES the trust fund taxes collected from its employees.

10.     Beginning in or about February 2012 through in or about November 2018, the IRS started collection efforts to recover unpaid trust fund taxes owed by PHPES. The collection efforts included meetings with WALCZAK and his employees, and the issuance of correspondence, including IRS notices of intent to levy bank accounts that WALCZAK controlled. Despite these efforts, WALCZAK caused PHPES to continue to not fully pay the trust fund taxes due.

11.     From at least 2016 through 2019, WALCZAK withheld trust fund taxes from the pay of PHPES's employees and failed to fully pay those withheld trust fund taxes over to the IRS. For the quarters in those years, WALCZAK's failure to pay over those trust fund taxes to the IRS resulted in an outstanding balance of more than $6 million.

12.     Rather than pay over the withheld trust fund taxes to the IRS, WALCZAK used funds to further invest in his businesses, purchase a yacht, lease luxury vehicles, and charter private international flights, among other business and personal spending.

13.     On or about each date set forth below, in the Southern District of Florida and elsewhere, defendant PAUL WALCZAK, a person required to collect, account for and pay over the trust fund taxes of his employees to the IRS, did willfully fail to pay over to the IRS the trust fund taxes due and owing to the IRS on behalf of the employees of PHPES for each quarter listed below:

| Count | Quarter Ending | Approximate Trust Fund Tax Due Date |
|-------|----------------|-------------------------------------|
| 1 | March 31, 2016 | April 30, 2016 |
| 2 | June 30, 2016 | July 31, 2016 |
| 3 | September 30, 2016 | October 31, 2016 |
| 4 | September 30, 2017 | October 31, 2017 |
| 5 | December 31, 2017 | January 31, 2018 |
| 6 | March 31, 2018 | April 30, 2018 |
| 7 | September 30, 2018 | October 31, 2018 |
| 8 | December 31, 2018 | January 31, 2019 |
| 9 | March 31, 2019 | April 30, 2019 |
| 10 | June 30, 2019 | July 31, 2019 |

All in violation of Title 26, United States Code, Section 7202.

4

## COUNTS ELEVEN THROUGH THIRTEEN
### Failure to File a Tax Return
### (26 U.S.C. § 7203)

14.     The Grand Jury realleges and incorporates paragraphs 1 through 4 of this Indictment as if fully set forth herein.

15.     During tax years 2018 and 2019, WALCZAK caused PHPES to pay him a salary for his work at the company.

16.     In or about August 2019, WALCZAK created and caused the creation of NextEra Health Systems, LLC ("NextEra") in the name of a third party, Individual 1. Although Individual 1 nominally owned 99% of NextEra, WALCZAK and his mother controlled the business's operations.

17.     In 2019 and 2020, WALCZAK caused NextEra to pay him for his work through his wife and through a bank account held in the name of Individual 1, which he controlled.

18.     During the calendar years set forth below, PAUL WALCZAK, a resident of Palm Beach Gardens, Florida, within the Southern District of Florida and elsewhere, had and received gross income exceeding the minimum gross income thresholds listed below. By reason of such gross income, he was required by law, following the close of the calendar years and on or before the dates listed below, to make an income tax return to the IRS, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well-knowing and believing the foregoing, he did willfully fail, on or about the dates set forth below, to make an income tax return by the deadline, with each year constituting a separate count of the Indictment:

| COUNT | CALENDAR YEAR OF TAX RETURN | MINIMUM GROSS INCOME | APPROXIMATE DUE DATE OF TAX RETURN |
|---|---|---|---|
| 11 | 2018 | $24,000 | October 15, 2019 |
| 12 | 2019 | $24,400 | October 15, 2020 |
| 13 | 2020 | $24,800 | October 15, 2021 |

All in violation of Title 26, United States Code, Section 7203.

A TRUE BILL



FOREPERSON

DAVID A. HUBBERT
DEPUTY ASSISTANT ATTORNEY GENERAL
DEPARTMENT OF JUSTICE, TAX DIVISION

FRANCESCA BARTOLOMEY
TRIAL ATTORNEY

MITCHELL T. GALLOWAY
TRIAL ATTORNEY

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Paul Walczak

_____/

**CASE NO.:**

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

**Court Division** (select one)
- ☐ Miami    ☐ Key West    ☐ FTP
- ☐ FTL      ☐■ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect:   _____

4. This case will take 5 days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)              (Check only one)
   I    ■ 0 to  5 days           ☐ Petty
   II   ☐ 6 to 10 days           ☐ Minor
   III  ☐ 11 to 20 days          ☐ Misdemeanor
   IV   ☐ 21 to 60 days          ■ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes, Judge _____    Case No. _____

7. Has a complaint been filed in this matter? (Yes or No)  No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No)  No
   If yes, Judge _____    Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No)  No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No)  No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No)  No

By: _____

Francesca Bartolomey
Florida Bar No./Court No. A5502673
DOJ Trial Attorney, Tax Division

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

<u>PENALTY SHEET</u>

**Defendant's Name:**  Paul Walczak

**Case No:**

Count #:  1-10

26 U.S.C. § 7202, Failure to Account for and Pay Over Employment Tax

**\* Max. Term of Imprisonment:**  5 years
**\* Mandatory Min. Term of Imprisonment (if applicable):** N/A
**\* Max. Supervised Release:** 3 years
**\* Max. Fine:**  $250,000

Count #:  11-13

26 U.S.C. § 7203, Failure to File a Tax Return

**\* Max. Term of Imprisonment:**  1 year
**\* Mandatory Min. Term of Imprisonment (if applicable):**  N/A
**\* Max. Supervised Release:**   1 year
**\* Max. Fine:**  $100,000

Count #:

**\* Max. Term of Imprisonment:**
**\* Mandatory Min. Term of Imprisonment (if applicable):**
**\* Max. Supervised Release:**
**\* Max. Fine:**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### <u>BOND RECOMMENDATION</u>

DEFENDANT: __Paul Walczak_____

Personal Surety
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By:    Francesca Bartolomey
_____
SAUSA:

Last Known Address:    ■■■■■■■■■■■■■■■■■■

_____

What Facility:    _____

_____

Agent(s):    Special Agent Michelle Lavoro, IRS
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE) (OTHER)